Salamah v Grabowska (2025 NY Slip Op 04845)

Salamah v Grabowska

2025 NY Slip Op 04845

Decided on September 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 04, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 12469/16|Appeal No. 4491-&M-2130|Case No. 2024-01482|

[*1]Mena Salamah, Plaintiff-Respondent,
v
Marta Grabowska, Defendant-Appellant.

Marta Grabowska, appellant pro se.
Law Office of Manuel D. Gomez, New York (Mena Salamah of counsel), for respondent.

Judgment of divorce, Supreme Court, Bronx County (Eddie J. McShan, J.), entered October 23, 2023, which, to the extent appealed from as limited by the briefs, directed the sale on the open market of certain real property referred to as Apartment 5, with the net proceeds to be divided 90% to defendant wife and 10% to plaintiff husband, and awarded the wife $686 for the husband's equitable share of the marital debt, unanimously modified, on the law, the facts, and in the exercise of discretion, to vacate that part of the judgment directing the parties to place Apartment 5 for sale on the open market and substituting therefor a direction that the parties place Apartments 4 and 5 on the open market and that the net proceeds from the sale of both apartments be subject to the 90/10 distribution, to vacate that portion of the judgment directing the husband to pay the wife $686 and substituting therefor a direction that the husband shall pay the wife $1,410, and to remand the matter to Supreme Court to calculate the wife's equitable distribution for Apartments 4 and 5, and otherwise affirmed, without costs.
In determining whether a marriage is entitled to comity, courts must first determine whether the marriage would be recognized in the jurisdiction where it was conducted (see Godfrey v Spano, 13 NY3d 358, 378 [2009, Ciparick, J., concurring]). A marriage conducted in a foreign jurisdiction that is legally recognized in that jurisdiction is entitled to comity in New York, subject to two exceptions—the "positive law" exception and the "natural law" exception (see Godfrey, 13 NY3d at 378-380; Matter of May, 305 NY 486, 490-491 [1953]). The positive law exception provides that foreign marriages are not entitled to comity when a New York statute exists that expressly demonstrates legislative intent to void such a marriage (Godfrey, 13 NY3d at 378-379). The natural law exception provides that foreign marriages are not entitled to comity when recognition of the marriage is abhorrent to public policy in New York (id. at 379).
The natural law exception has been narrowly applied, and primarily in cases involving incest or polygamy or marriages "offensive to the public sense of morality to a degree regarded generally with abhorrence" (id., quoting Matter of May, 305 NY at 491-493; Lewis v New York State Dept. of Civ. Serv., 60 AD3d 216, 219-220 [3d Dept 2009], affd 13 NY3d 358 [2009]). This narrow application occurs because the use of the exception "must be predicated upon a demonstration of proximately related public policies fundamentally offensive and inimical to those of this State" (Godfrey, 13 NY3d at 379 [internal quotation marks omitted]). This is a "high burden [that] springs from an ordered sense of respect and tolerance for the adjudications of foreign Nations" (id.).
Here, the parties had two marriage ceremonies—an August 2012 Urfi marriage ceremony and a December 2012 civil ceremony. Supreme Court properly determined that the parties' Urfi marriage would be legally recognized in Egypt, and thus was entitled to comity unless an exception applied. In analyzing the marriage recognition rule exceptions, Supreme Court properly determined that the positive law exception does not bar entitlement to comity. However, the court invoked the natural law exception, finding that "Urfi marriages in Egypt are not consistent with our public policy regarding the equality of treatment of the spouses in a marriage as well as the economic partnership created."
Contrary to Supreme Court's finding, the August 2012 Urfi marriage did not fall within the natural law exception to the marriage recognition rule. Supreme Court correctly identified the public policy of this State. However, its interpretation of the unequal economic partnership in Urfi marriages fails to give rise to the abhorrence necessary to invoke the exception (Lewis, 60 AD3d at 219-220), as it is not offensive to the public's "sense of morality to a degree regarded generally with abhorrence and thus was not within the inhibitions of natural law" (Matter of May, 305 NY at 493). Therefore, the Urfi marriage is entitled to comity.
Consequently, Apartment 4 in Egypt, which was purchased after the Urfi marriage, was not the husband's separate property (see Domestic Relations Law § 236 [B][1][c]). Rather, the entire house, which is comprised of Apartments 4 and 5, constitutes marital property, and the wife is entitled to equitable distribution of both (id.). Accordingly, this matter is remanded to Supreme Court and the parties are directed to place Apartments 4 and 5 on the open market for immediate sale, and defendant shall remain entitled to 90% of the net equity that would result from the sale. We modify that part of the judgment with respect to the marital debt. The evidence at trial established that the total marital debt for storage fees amounted to $2,820, representing the amount due for a storage unit during the period between November 2015 and August 2016. The husband is responsible for 50% of that amount, or $1,410, payable to the wife. M-2130 - Mena Salamah v Marta Grabowska
Motion by defendant to vacate and strike plaintiff's brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 4, 2025